K-MART CORPORATION, Petitioner, Cross–Respondent,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent, Cross–Petitioner,

and

Truck Drivers, Oil Drivers, Filling Station and Platform Workers, Local 705, International Brotherhood of Teamsters, Intervening Respondent, Intervening Cross–Petitioner.

Nos. 97–1487, 97–1958.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 19, 1997.

Decided Sept. 16, 1997.

Jon Zimring (submitted), Holleb & Coff, Chicago, IL, John W. Noble, Jr., Chicago, IL, for K–Mart Corporation.

Elizabeth Kinney, National Labor Relations Board, Region 13, Chicago, IL, Aileen A. Armstrong, Howard E. Perlstein, Vincent Falvo, National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, for National Labor Relations Board in No. 97–1487.

Aileen A. Armstrong (submitted), National Labor Relations Board, Appellate court, Enforcement Litigation, Washington, DC, Glenn A. Zipp, National Labor Relations Board, Region 13, Peoria, IL, for National Labor Relations Board in No. 97–1958.

Peggy A. Hillman, Indianapolis, IN, Thomas R. Carpenter, International Brotherhood of Teamsters, Local 705, Chicago, IL, for Truck Drivers, Oil Drivers, Filling Station and Platform Workers' Union Local 705.

Before CUDAHY, ESCHBACH and RIPPLE, Circuit Judges.

PER CURIAM.

This is a successive appeal. We shall assume familiarity with our earlier decision in this case. See K–Mart Corp. v. NLRB, 62 F.3d 209 (7th Cir.1995). In that decision, we remanded this case to the Board because it previously had failed to provide a sufficient analysis of the evidence that several employees were photographed by persons associated with the union campaign effort. On remand, the Board examined the evidence of record and concluded that it was insufficient to establish objectionable conduct. In the Board's view, the testimony of the four individuals who testified was insufficient to establish that the photographing interfered with employee free choice in the election.

After considering the arguments of counsel in their respective briefs, the court does not believe that there is need for further oral argument. We are further of the view that the proceedings of the Board upon remand are in compliance with our earlier direction and that the conclusion of the Board is supported by substantial evidence. Its decision represents a reasonable exercise of its discretion and expertise in assessing the impact of conditions surrounding an election. We must recognize and pay due deference to the "Board's special function of applying the provisions of the Act to the complexities of industrial life." NLRB v. P*I*E Nationwide, Inc., 923 F.2d 506, 513 (7th Cir.1991) (quoting NLRB v. Erie Resistor Corp., 373 U.S. 221, 236, 83 S.Ct. 1139, 1149, 10 L.Ed.2d 308 (1963)).

Accordingly, the petition for review is denied and the order of the board is enforced. The Board may recover its costs in this court.